[Cite as *PHH Mtge. Corp. v. Carlisle*, 2012-Ohio-2291.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| PHH MORTGAGE CORPORATION | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | | Hon. Sheila G. Farmer, J. |
| | : | | Hon. Julie A. Edwards, J. |
| -vs- | : | | |
| | : | | |
| VICKY L. CARLISLE, ET AL. | : | | Case No. 11CA000036 |
| | : | | |
| Defendants-Appellees | : | | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 11CV35


JUDGMENT:                     Affirmed/Reversed in Part and
                              Remanded


DATE OF JUDGMENT:             May 17, 2012


APPEARANCES:

For Plaintiff-Appellant                 For Defendants-Appellees

PATRICIA K. BLOCK                       DAVID A. LITTLE
120 East Fourth Street                  422 Main Street
Suite 800                               Suite 400
Cincinnati, OH  45202                   P.O. Box 427
                                        Zanesville, OH  43702-0427

*Farmer, J.*

{¶1}   On January 18, 2011, appellant, PHH Mortgage Corporation filed a complaint in foreclosure against appellees, Vicky and Christopher Carlisle, for failure to pay on a note and mortgage that had been executed in January of 2004.  Payments stopped in October of 2009 with the default amount being $100,167.24 plus interest and costs.

{¶2}   On March 1, 2011, appellees filed a motion to strike the complaint.  On July 6, 2011, appellees filed a supplemental memorandum requesting summary judgment.  By entry filed September 13, 2011, the trial court denied appellees' motion to strike the complaint, granted their motion for summary judgment, and dismissed the complaint.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED IN GRANTING VICKY L. CARLISLE AND CHRISTOPHER L. CARLISLE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLANT PRESENTED EVIDENCE OF GENUINE ISSUES OF MATERIAL FACT TO BE LITIGATED."

II

{¶5}   "THE TRIAL COURT ERRED IN IMPOSING TERMS NOT INCLUDED IN THE CONTRACT UPON APPELLANT IN THE ABSENCE OF STRONG PUBLIC POLICY REASONS TO DO SO."

I

{¶6}    Appellant claims the trial court erred in granting summary judgment to appellees.  We disagree.

{¶7}    In response to appellant's January 18, 2011 complaint in foreclosure, appellees filed a "Motion to Strike Plaintiff's Complaint in Foreclosure or in the Alternative, Motion for a Hearing-Show Cause for Dismissal" on March 1, 2011.  The remedy suggested by the motion was as follows:

{¶8}    "Whether through striking the Complaint in Foreclosure or as a result of a show cause or dismissal hearing, the Plaintiff should be required to return the loan to the status quo ante February 1, 2010.  Not one extra cent, particularly interest or fees, should be added to the loan.  The loan modification of July, 2009, should remain intact and/or be reinstated.

{¶9}    "***

{¶10} "Therefore, if the Complaint is not stricken, then Plaintiff should be immediately brought before the Court for show cause or dismissal.  They cannot disprove the Carlisles timely submitted their payments in July, 2009, that included the monthly payment for August, 2009.  They cannot disprove the Carlisles timely submitted their monthly payments for September, October, November, and December, 2009, and January and February, 2010.  When Plaintiff fails to refute the Carlisles' proof of timely payment, they will thereby prove they forced the first nonpayment, forced a breach, and caused the breach.  The roles in this matter are reversed by the facts and truth.  The Carlisles are victims, and the Plaintiff is the perpetrator of egregious misconduct."

{¶11} Civ.R. 12(B) governs how answers and defenses are presented and states the following:

{¶12} "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

{¶13} It appears the trial court treated the March 1, 2011 motion to strike as a Civ.R. 12(B)(6) motion to dismiss and converted it to a motion for summary judgment as

the July 6, 2011 supplemental memorandum for summary judgment was untimely and leave had not been requested.

{¶14} We note the averments in appellees' March 1, 2011 motion to strike do not qualify under a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. The averments include denials of the amount due, breach of contract, and missed payments. The motion to strike also alleged a Civ.R. 12(F) violation which governs motions to strike and states the following:

{¶15} "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty-eight days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter."

{¶16} We note the allegations in the foreclosure complaint do not qualify under the parameters of Civ.R. 12(F) as argued by appellant in its March 14, 2011 reply in opposition to the motion to strike.

{¶17} By entry filed September 13, 2011, the trial court denied appellees' motion to strike and granted appellees summary judgment after reviewing the exhibits and affidavits.

{¶18} Procedurally, the trial court without entry converted the motion to strike/dismiss to a motion for summary judgment and considered the issue of payments under Civ.R. 56. Although this is unorthodox, it is not procedurally flawed as to deny consideration.

{¶19} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶20} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶21} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶22} The trial court reviewed the "Customer Account Activity Statement" which was presented via appellant's affidavit filed August 24, 2011, and also reviewed exhibits of checks supported by the March 1, 2011 affidavit of Vicky Carlisle. See, Defendants' Exhibits 15-18 attached to Appellees' Supplemental Memorandum in Support of Motion for Summary Judgment filed July 6, 2011.

{¶23} The trial court's decision was based upon an analysis of the affidavits and exhibits. After review, the trial court found the following:

{¶24}  "In this case, Defendant provides copies of the checks sent to Plaintiff's in accordance with their forbearance agreement.  Further, at the June 1, 2011 hearing, Plaintiff had found and cashed six of the eight checks that were supposedly not paid and in default.  Plaintiff would not accept any payments after a letter dated February 12, 2010.  Since the June 1, 2011 hearing, Defendants have shown that the January 2010 payment was issued with the check number 1026 and was stamped by the Mortgage Service Center on February 8, 2010.  Defendants have also shown that the August 2009 payment was issued by a cashier's check from PNC Bank on July 24, 2009."  Entry filed September 13, 2011.

{¶25}  Upon review, we concur with the trial court analysis and find summary judgment to appellees was appropriate.

{¶26}  Assignment of Error I is denied.

II

{¶27}  Appellant claims the trial court abused its discretion in modifying the terms of the contract.  We agree.

{¶28}  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶29}  The trial court dismissed the foreclosure complaint and added the following terms:

{¶30}  "The Court ORDERS the loan reinstated, the loan modification of July 2009, as is and with no change in its terms except to due date of the next monthly payment of $637.43 and the maturity date.

{¶31} "The Court ORDERS that not one cent be added to the terms and costs of the loan so that said loan will be restored to its exact same stauts as it was immediately prior to the February 1, 2010 payment.

{¶32} "The Court ORDERS that the interest rate stay the same and that no fees, costs, including late costs, since July 2009, advances including escrow advances, be charged or added to the loan in any way or as some other debt that the Carlisles would be required to pay.

{¶33} "The Court ORDERS that the unpaid principal balance, the interest rate, the monthly payment, and each and every monetary term of said loan remain exactly the same.

{¶34} "The Court ORDERS that the first monthly payment be due on the first of October, 2011.

{¶35} "The Court ORDERS that the Carlisles continue to work with PNC Bank and if the July 24, 2009 cashier's check is proven to have been cashed by PHH, the $637.43 August 2009 payment shall be credited to the Carlisles' loan account by PHH; that if the check is found not to have been cashed and cannot now be cashed, the Carlisles shall work with PNC to have it replaced, then paid to PHH, and credited to this account; and that if PNC establishes that PHH is still holding that check, PHH shall work cooperatively with PNC and the Carlisles to resolve that circumstance.

{¶36} "The Court ORDERS PHH to identify or designate a contact person at PHH to cooperatively work with the Carlisles at any and all times during the life of said loan to resolve questions, problems, and issues, including any repeat occurrences of missing payments.  The Court further ORDERS Plaintiff to file the name, address, and

phone number of said contact person with the Court within fourteen (14) days from the date of this Entry.

{¶37} "The Court ORDERS PHH to provide the Carlisles with a valid mailing address where their payments shall be sent. The Court further ORDERS Plaintiff to file the mailing address with the Court within fourteen (14) days from the date of this Entry."

{¶38} We agree that the trial court modified the contract. With no answer or counterclaim filed by appellees claiming a breach of contract, the trial court's orders went beyond the scope of its authority.

{¶39} Assignment of Error II is granted.

{¶40} The judgment of the Court of Common of Guernsey County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Julie A. Edwards_____

JUDGES

SGF/sg 504

[Cite as *PHH Mtge. Corp. v. Carlisle*, 2012-Ohio-2291.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| VICKY L. CARLISLE, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 11CA000036 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellant.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Julie A. Edwards_____

JUDGES